UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DM Trans, LLC d/b/a Arrive Logistics<br><br>*Plaintiff,*<br><br>v.<br><br>Alex Resnick and Neo Zone Inc. d/b/a OB Express,<br><br>*Defendants.* | Case No. _____<br><br>JURY TRIAL DEMANDED |

**DM TRANS, LLC'S VERIFIED COMPLAINT FOR
INJUNCTIVE AND MONETARY RELIEF**

Plaintiff DM Trans, LLC d/b/a Arrive Logistics ("Arrive") files this Complaint against Defendants Alex Resnick and Neo Zone Inc. d/b/a OB Express ("OB Express" and, together with Resnick, "Defendants"), and respectfully shows the following:

**INTRODUCTION**

1. Arrive brings this suit to protect its trade secrets; to enforce contractual obligations owed to it by Resnick (who now works for OB Express—an Arrive competitor—in a similar position); and to stop the coordinated campaign of unfair competition being waged against Arrive by the competing logistics brokerage and Arrive's former employee.

2. After Resnick's employment with Arrive ended and Resnick joined OB Express, Arrive discovered that Resnick used Arrive's confidential customer information

to solicit at least one of Arrive's customers on whose account Resnick had worked in violation of his non-solicitation obligations. Arrive sent cease-and-desist letters to Resnick and OB Express informing them of the improper solicitation, but less than two months later, Arrive learned that Resnick again solicited an Arrive customer with whom Resnick had worked while employed by Arrive. Because it is clear that Defendants will not stop without a court order, Arrive has no choice but to bring this suit and to seek prompt relief—including injunctive relief—from the Court.

## PARTIES

3. Plaintiff DM Trans, LLC d/b/a Arrive Logistics is a Texas limited liability company with its principal place of business in Austin, Texas.

4. Defendant Alex Resnick is an individual and is a resident and citizen of Illinois. He can be served with process at 360 W. Hubbard Street, Apt. 3609, Chicago, Illinois 60654, or wherever he may be found.

5. Defendant Neo Zone Inc. d/b/a OB Express is an Illinois corporation with its principal place of business in Illinois. OB Express may be served with process through its registered agent, Steve Moxon, at 113 W. Park Circle Dr., Apt. 202, Wheaton, Illinois 60187-3177.

## JURISDICTION AND VENUE

6. The Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1331 because Arrive's claims under the Defend Trade Secrets Act ("DTSA") arise under federal law.

7. The Court has supplemental jurisdiction over state-law claims under 28 U.S.C. § 1367 because those claims form part of the same case or controversy and derive from a common nucleus of operative facts.

8. This Court has personal jurisdiction over Defendants because they are citizens and residents of the State of Illinois.

9. Venue is proper in the Northern District of Illinois under 29 U.S.C. § 1391 because Defendants reside in this judicial district and a substantial part of the events or omissions giving rise to Arrive's claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

**A. Arrive's and OB Express's Competing Businesses**

10. Arrive is a leading North American freight broker headquartered in Austin, Texas. It provides transportation logistics services to parties seeking to ship goods by utilizing Arrive's network of third-party motor carriers. Arrive has been awarded Domino's Pizza Carrier of the Year, Mark Anthony Services Broker of the Year, Newell Brands Truckload Broker Carrier of the Year, Molson Coors National Logistics & Transportation Supplier of the Year, Home Depot Broker Carrier of the Year, Isometric Technologies Excellence in Service Award, and Descartes MacroPoint Top Carrier. In addition to praise received from its customers for excellent customer service, Arrive has been recognized as a top workplace by *Inc.*, *Fortune*, Great Place to Work, the *Austin-American Stateman* and *The Chicago Tribune*.

11. OB Express is also in the freight brokerage business and therefore competes with Arrive. Both Arrive and OB Express have Illinois offices.

**B. Resnick's Employment with Arrive**

12. Resnick is a former Arrive Business Development Representative who worked in Arrive's Chicago, Illinois office under the supervision of Hayley Budish. As a Business Development Representative, Resnick was responsible for acquiring and growing customer accounts on behalf of Arrive.

13. Arrive hired Resnick in December 2020. Upon his hire, on or about December 18, 2020, Resnick entered into an Employment Agreement with Arrive (the "Employment Agreement") in which he agreed, among other things, to maintain the confidentiality of Arrive's trade secrets and other confidential information. A true and correct copy of the Employment Agreement is attached as Exhibit A.

14. In the Employment Agreement, Resnick also agreed to twelve-month non-compete and non-solicitation provisions in exchange for being provided with access to Arrive's confidential information—including but not limited to Arrive's customer database (the "Confidential Database"). Resnick agreed that the Company Confidential Database "contains sensitive, non-public information related to [Arrive's] customers, including but not limited to customer preferences, customer contractual information, personal information, and contact information, which are valuable trade secrets." Ex. A at 3. Resnick further agree "that if the information contained in the Company Confidential Database was made available to the public or other third parties who compete with [Arrive], [Arrive] would suffer significant damage." Id.

15. During his employment with Arrive, Resnick had access to the Confidential Database that contains information about Arrive's customers. Arrive has

developed the information contained in the Confidential Database over years of having operated in the freight brokerage industry. The customer and pricing information contained in the Confidential Database is not available to the public and can only be developed through significant expense and years of effort.

16. Arrive takes measures to protect its confidential customer and pricing information contained in its Confidential Database. Specifically, it requires employees with access to enter into confidentiality agreements that protect Arrive's confidential information, including its Confidential Database. Arrive also protects its Confidential Database with a password and encryption and requires dual-factor authentication to ensure that the person accessing the Confidential Database is, in fact, the person who has been given access. Further, Arrive monitors the Confidential Database ensure that the users accessing it are authorized to do so. Arrive has established security and cybersecurity policies to protect Arrive's information technology systems, including its Confidential Database.

17. Resnick's employment with Arrive ended in April 2023. Arrive agreed to waive Resnick's non-competition obligations but confirmed, in writing, that his non-solicitation obligations that prevent him from soliciting Arrive's customers about which he had learned confidential information would remain in effect. Resnick also continued to be subject to the confidentiality obligations in his Employment Agreement.

## C. Resnick's Employment with OB Express and Violation of His Non-Solicitation Obligations

18. In or about September 2023, Arrive discovered that Resnick had begun working with OB Express, which is an Arrive competitor. That fact, in itself, did not

violate the Employment Agreement because Arrive had agreed to waive Resnick's non-competition restrictive covenant; however, Budish (Resnick's supervisor at Arrive) discovered that Resnick received an email at an OB Express email address from one of Arrive's customers seeking bids for business. Resnick had worked on that customer's account when he was employed by Arrive, and he had solicited business from that customer while working at OB Express. Resnick had access to Arrive's confidential information—including pricing information—about that customer when he worked for Arrive.

19. As soon as Arrive learned of Resnick's solicitation of an Arrive customer, it immediately sent cease-and-desist letters on September 7, 2023 to both Resnick and OB Express. In the letter to OB Express, Arrive informed OB Express that Resnick was subject to non-solicitation and confidentiality obligations. True and correct copies of the cease-and-desist letters sent to Resnick and OB Express are attached hereto as Exhibits B and C.

20. Arrive quickly received a response from Resnick's attorney, who represented that Resnick "acknowledges that he is subject to the post employment covenants contained in his [Employment Agreement]" and that Resnick "is not in possession of any Arrive customer lists nor has he actively solicited any of Arrive's customers." A true and correct copy of Resnick's attorney's response is attached as Exhibit D.

21. Despite having represented to Arrive that he intended to comply with his post-employment obligations, on or about October 25, 2023, one of Arrive's customers

on whose account Resnick had worked while he was at Arrive sent correspondence indicating that OB Express had won a bid for a shipping lane and that Resnick was the account representative who served as the point of contact for OB Express. In other words, Resnick had directly solicited a customer of Arrive again after Resnick and OB Express had been made aware of Resnick's restrictive covenants. A true and correct copy of the communication and attached spreadsheet reflecting Resnick's involvement, which has been redacted to protect the identity of Arrive's customer and pricing information, is attached as Exhibit E.

22. The following day, Arrive received a follow-up communication from the customer with a "corrected" spreadsheet that excluded the names and contact information of the representatives of the various companies that had won bids—presumably in an attempt to hide Resnick's involvement. A true and correct copy of the follow-up communication and attachment, which have been redacted to protect the identify of Arrive's customer and its pricing information, is attached as Exhibit F.

23. Resnick has used Arrive's customer confidential information in direct violation of his Employment Agreement and for the benefit of himself and OB Express. Since becoming employed by OB Express, Resnick has solicited Arrive's customers on whose accounts he worked while he was employed at Arrive—in direct violation of his customer non-solicitation obligations. In addition, on September 7, 2023, OB Express was made aware of Resnick's confidentiality and non-solicitation obligations; yet Resnick continues to use Arrive's confidential and proprietary information and to violate his non-solicitation obligations in his work for OB Express.

## CAUSES OF ACTION

### COUNT 1: BREACH OF CONTRACT
### (AGAINST RESNICK)

24. All factual allegations set forth elsewhere in this Complaint are expressly incorporated by reference. Arrive further expressly incorporates by reference all exhibits to the Complaint.

25. As outlined herein, Resnick and Arrive entered into the Employment Agreement, which is a valid and enforceable contract. The Employment Agreement and the restrictive covenants contained therein are supported by valid consideration.

26. The 12-month non-solicitation covenants in the Employment Agreement are reasonable as to scope, duration, and geography, especially given Resnick's access to confidential information, including Arrive's Confidential Database.

27. The restrictive covenants impose no greater restraint than necessary to protect Arrive's legitimate business interests, including the protection of its customer confidential information and its relationships with its customers.

28. Resnick has violated and is continuing to violate his non-solicitation obligation by soliciting Arrive's customers on whose accounts he worked while he worked at Arrive and about whom he had confidential information, and he is likely to continue violating his obligation unless enjoined.

29. On information and belief, Resnick has violated and is continuing to violate the confidentiality and non-disclosure provisions of the Employment Agreement in connection with soliciting business from Arrive's customers while employed by

OB Express even after Arrive sent cease-and-desist letters, and he is likely to continue unless he is enjoined.

30. Arrive performed all of its obligations and conditions precedent under the Employment Agreement.

31. As a result of Resnick's breaches of contract, Arrive has suffered and will continue to suffer irreparable harm and loss and/or sustain damages in an amount to be determined at trial, which damages are ongoing and continue unabated at the time of filing of this Complaint. The damages to Arrive include, but are not limited to, the loss of customer accounts, which OB Express gained as a result of Resnick's improper solicitation and use of confidential customer information belonging to Arrive, and the loss of control of its confidential information that it spent significant time and money developing, the loss of goodwill, and the loss of market share.

### COUNT 2: TORTIOUS INTERFERENCE WITH CONTRACT (AGAINST OB EXPRESS)

32. All factual allegations set forth elsewhere in this Complaint are expressly incorporated by reference. Arrive further expressly incorporates by reference all exhibits to the Complaint.

33. Arrive had an existing, enforceable contractual relationship, through the Employee Agreement, with Resnick.

34. OB Express is not a party to the Employee Agreement between Arrive and Resnick.

35. OB Express had been made aware—at least as of September 7, 2023, if not earlier—of the contractual relationship between Arrive and Resnick and of Resnick's non-solicitation obligations under the Employment Agreement.

36. OB Express willfully and intentionally interfered with the Employment Agreement by knowingly allowing Resnick—on behalf of OB Express—to solicit Arrive's customers. OB Express had been made aware of Resnick's obligations to Arrive and chose instead to benefit from Resnick's breaches of those obligations.

37. OB Express has thus far unfairly benefited from Resnick's solicitation of Arrive's customers by obtaining business from Arrive's customers that it would not have obtained otherwise.

38. As a direct and proximate result of OB Express's interference with the Employee Agreement, Arrive has suffered and will continue to suffer irreparable harm and loss and/or sustain damages in an amount to be determined at trial, which damages are ongoing and continue unabated at the time of filing of this Complaint.

### COUNT 3: UNJUST ENRICHMENT
### (AGAINST OB EXPRESS)

39. All factual allegations set forth elsewhere in this Complaint are expressly incorporated by reference. Arrive further expressly incorporates by reference all exhibits to the Complaint.

40. OB Express has unfairly benefited from Resnick's solicitation of Arrive's former customers in violation of Resnick's non-solicitation obligations in the Employment Agreement. OB Express obtained business from Arrive's former customers that OB Express would not have received had it not been for Resnick's improper conduct.

41. Under the circumstances described above, including, without limitation, the manner in which Resnick and OB Express obtained business from Arrive's customers, it would be unjust and unconscionable for OB Express to retain those benefits without fairly compensating Arrive.

### COUNT 4: VIOLATION OF THE DEFEND TRADE SECRETS ACT (AGAINST RESNICK AND OB EXPRESS)

42. All factual allegations set forth elsewhere in this Complaint are expressly incorporated by reference. Arrive further expressly incorporates by reference all exhibits to the Complaint.

43. In violation of the DTSA, 18 U.S.C. §§ 1836–39, Resnick and OB Express have misappropriated Arrive's trade secrets that relate to services used and intended for use in interstate commerce (namely, interstate transportation of freight). Arrive's confidential customer and pricing information from its Confidential Database currently in Resnick's and OB Express's possession, custody, or control is entitled to protection as a trade secret under federal law. As set forth throughout this Complaint, Arrive is the owner of its confidential and trade-secret information.

44. Arrive has taken reasonable measures to keep its confidential and trade-secret information secret, including, for example, requiring employees to sign confidentiality agreements, implementing computer network restrictions, and monitoring employee access to its Confidential Database. Arrive's customer and pricing information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can

obtain economic value from the disclosure or use of the information. It has actual and/or potential independent value because, for example, this information is not generally known to Arrive's competitors and other persons in the freight brokerage industry who could obtain economic value from its use or disclosure. Nor was or is such information readily ascertainable to such persons by proper means without the expenditure of significant expense and years of effort.

45. Resnick and OB Express have misappropriated Arrive's trade secrets by using them while knowing or having reason to know that such information was acquired by improper means. Such acquisition by improper means includes, on information and belief, Resnick's unauthorized retention of such information after termination of his employment by Arrive in breach of his clear duties to maintain the secrecy of such information.

46. Resnick knew at the time he used Arrive's trade secrets that he was under a contractual obligation to maintain the confidentiality of those trade secrets. OB Express knew, at the time Resnick used Arrive's trade secrets on behalf of OB Express, that Resnick had and was using Arrive's confidential information in violation of his express contractual obligations.

47. Arrive has not provided Resnick or OB Express with any express or implied authorization to possess or use its confidential business information. Indeed, Arrive urged Resnick not to use or disclose Arrive's confidential information, and urged OB Express to ensure that Resnick was not using Arrive's confidential information on behalf of OB Express, but to no avail.

48. Resnick's and OB Express's actions are willful and malicious. Despite Arrive's demands, neither Resnick nor OB Express has ceased using Arrive's confidential information.

49. Arrive is entitled to preliminary and permanent injunctive relief under the DTSA, enjoining Resnick's and OB Express's actual or threatened misappropriation of its trade secrets. Arrive seeks injunctive relief (1) compelling Resnick and OB Express to return to Arrive any and all of its confidential and/or trade-secret information that is in their possession, custody, or control, including without limitation any and all pricing information and information about Arrive's customers; and (2) preventing Resnick and OB Express from disclosing or using any of Arrive's confidential and/or trade-secret information for any purpose.

50. Under the DTSA, Arrive is entitled to and seeks damages for actual loss caused by Resnick's and OB Express's misappropriation. Arrive is also entitled to and seeks damages for Resnick's and OB Express's unjust enrichment caused by the misappropriation. Further, Arrive is entitled to and seeks exemplary damages for Resnick's and OB Express's willful and malicious misappropriation of Arrive's trade secrets.

51. Arrive is also entitled to recover and seeks its reasonable attorneys' fees due to Resnick's and OB Express's willful and malicious misappropriation of Arrive's trade secrets.

COUNT 5: VIOLATION OF THE
ILLINOIS TRADE SECRETS ACT
(AGAINST RESNICK AND OB EXPRESS)

52. All factual allegations set forth elsewhere in this Complaint are expressly incorporated by reference. Arrive further expressly incorporates by reference all exhibits to the Complaint.

53. Arrive is the owner of and/or has the rights to customer and pricing trade secret information in its Confidential Database to which Resnick had access and that Resnick has used and disclosed to OB Express, in violation of Resnick's obligations to maintain the confidentiality of such information.

54. Arrive made a reasonable effort under the circumstances to keep the confidential customer and pricing information that constitutes trade secrets safe and secret.

55. The confidential customer and pricing information has actual or potential independent economic value because it is generally unknown to and not readily ascertainable through proper means by third parties who can obtain value from its disclosure or use.

56. The confidential customer and pricing information is unknown outside of Arrive.

57. The confidential customer and pricing information could not have been ascertained through independent development, reverse engineering that is not prohibited, or means that are not improper.

58. Resnick and OB Express have misappropriated Arrive's trade secrets by acquiring them while knowing or having reason to know that such information was acquired by improper means. Such acquisition by improper means includes, on information and belief, Resnick's unauthorized retention and use of such information after termination of his employment by Arrive in breach of his clear duties to maintain the secrecy of such information.

59. In the alternative, Resnick's knowledge of the Arrive's confidential information makes it inevitable that he will disclose or utilize it in his role with OB Express, and that, plus Resnick's and OB Express's other conduct, creates a threat of misappropriation of the same.

60. Such misappropriation is causing an irreparable injury to Arrive for which damages will likely not fully compensate Arrive.

## COUNT 6: INJUNCTIVE RELIEF
### (AGAINST RESNICK AND OB EXPRESS)

61. All factual allegations set forth elsewhere in this Complaint are expressly incorporated by reference. Arrive further expressly incorporates by reference all exhibits to the Complaint.

62. In addition to the damages Arrive has suffered, Defendants are in ongoing possession of Plaintiff's confidential business and trade-secret information, including information regarding Arrive's customer preferences, pricing, and other confidential customer information.

63. Defendants are using Arrive's confidential business and trade-secret information to solicit Arrive's customers, and Resnick is doing so in violation of his

contractual obligations. Defendants have continued to act in an unlawful manner even after having received Arrive's cease-and-desist letters.

64. Arrive has no adequate remedy at law to compensate for Defendants' misconduct, including misappropriating Arrive's confidential business and trade-secret information and soliciting Arrive's customers.

65. Defendants' continued possession and use of Arrive's confidential business and trade-secret information poses an imminent threat of irreparable injury to Arrive, for which Arrive has no adequate remedy at law.

66. If Defendants are not enjoined by this Court from committing further acts of misconduct, the harm that Arrive will suffer outweighs any harm that the issuance of an injunction may have upon Defendants. Issuance of an injunction is in the public interest because the public has an interest in fair competition and in protecting trade secrets.

67. Arrive has a substantial likelihood of success on the merits.

68. Arrive seeks the assistance of the equitable and legal powers of this Court to prevent this irreparable damage from continuing and occurring.

## REQUEST FOR RELIEF

69. WHEREFORE, Arrive asks the Court to:
    a. Enter a temporary restraining order and preliminary and permanent injunctive relief enjoining:
        i. Resnick from breaching the Employment Agreement by using or disclosing confidential information and/or by soliciting Arrive's customers;

      ii.    OB Express from tortiously interfering with the Employment Contract; and

      iii.   Resnick and OB Express from using or disclosing Arrive's trade-secret information.

b.  Enter an order requiring Resnick and OB Express to turn over any Arrive Confidential Information in their possession, and pay for the forensic deletion of such information;

c.  Enter judgment in favor of Arrive on its claims against Defendants and awarding Arrive such damages—including actual, compensatory, and punitive damages—and other relief to which it may be entitled;

d.  Award Arrive its costs and expenses, including its reasonable and necessary attorneys' fees; and

e.  Grant Arrive such further relief to which it may be entitled.

Dated: October 30, 2023.  Respectfully submitted,

*/s/ William F. Farley*
William F. Farley
Illinois Bar No. 6305896
*William.farley@hklaw.com*
**HOLLAND & KNIGHT LLP**
150 N. Riverside Plaza, Suite 2700
Chicago, Illinois 60606
312.263.3600 (telephone)
312.578.6666 (facsimile)

J. Meghan McCaig
Texas Bar No. 24070083 (*pro hac vice forthcoming*)
*Meghan.mccaig@hklaw.com*
**HOLLAND & KNIGHT LLP**
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
214.964.9496 (telephone)
214. 964.9501 (facsimile)

Counsel for Plaintiff DM Trans, LLC d/b/a Arrive Logistics

## VERIFICATION

My name is Hayley Budish and, pursuant to 28 U.S.C. § 1746, I hereby affirm that I am over 18 years of age and am competent to make the following Verification:

1. I am a Business Development Manager for DM Trans, LLC d/b/a Arrive Logistics ("Arrive"). I have been employed by Arrive since January 2018, and have been a Business Development Manager since January 2023.

2. I have read the foregoing Verified Complaint for Injunctive Relief and Monetary Relief (the "Complaint") and exhibits thereto and verify that the allegations of facts contained in the Complaint are true and correct to the best of my knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

Executed __10/30/2023 | 08:48 CDT__, 2023 in Chicago, Illinois.

*Hayley Budish*
Hayley Budish